IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

LISA MACON                                                               PLAINTIFF

v.                          Case No. 4:19-cv-00661-KGB

ARKANSAS WORKERS'
COMPENSATION COMMISSION                                        DEFENDANT

**ORDER**

Before the Court is a motion to dismiss filed by defendant Arkansas Workers' Compensation Commission ("AWCC") (Dkt. No. 6). Plaintiff Lisa Macon filed a response (Dkt. No. 9). Ms. Macon also has filed several notices, a status report, pretrial disclosure sheet, and brief (Dkt. Nos. 10, 14-20). For the following reasons, the Court grants AWCC's motion to dismiss and dismisses Ms. Macon's claims (Dkt. No. 6).

**I.    Background**

On September 24, 2019, Ms. Macon filed this action pursuant to Title VII of the Civil Rights Act of 1964 (Dkt. No. 2). Ms. Macon alleges a hostile work environment based on sexual harassment (*Id.*, ¶ 8).[1] Ms. Macon alleges that she was sexually harassed by her supervisor, Carl Bayne, several times; Ms. Macon alleges that this harassment began after she previously made a complaint against Mr. Bayne that was not satisfactorily addressed (*Id.*, ¶ 9).

Ms. Macon claims that Mr. Bayne began sexually harassing her by calling her "baby" and "muffin" (*Id.*). She asserts that Mr. Bayne approached her desk and began to sing the words "I'm

---

[1] The Court acknowledges that Ms. Macon alleges in her complaint that Mr. Bayne called her racial slurs in text messages (Dkt. No. 2, ¶ 9). However, Ms. Macon files her complaint based solely on alleged sex discrimination (*Id.*, ¶ 8).

in the mood for love" (*Id.*). Ms. Macon contends that Mr. Bayne pointed a letter opener at her "private areas" and asked her if she "had anything to play with" (Dkt. No. 9, at 3).

Ms. Macon also alleges that Mr. Bayne tapped into her cell phone with the help of an unknown third party who does not work for AWCC and began repeating her exact phone conversations (Dkt. No. 2, ¶ 9). She claims that the third party began sending Mr. Bayne personal messages between Ms. Macon and her boyfriend, and she claims that Mr. Bayne communicated Ms. Macon's personal business to other employees whom he supervises (*Id.*). According to Ms. Macon, Mr. Bayne mimicked her actions and called her racial slurs in text messages.

She alleges in her complaint that these actions are ongoing. Ms. Macon attaches to her complaint a Dismissal and Notice of Rights issued by the Equal Employment Opportunity Commission (Dkt. No. 2, at 4-6).

AWCC filed a motion to dismiss on December 3, 2019 (Dkt. No. 6). AWCC argues that Ms. Macon's claim fails to state under controlling law an actionable claim for a sexually hostile work environment (*Id.*, ¶ 5). AWCC argues that the conduct described by Ms. Macon, even if accepted as true for purposes of resolving this motion, was not severe or pervasive enough to satisfy the high Title VII threshold (*Id.*).

Ms. Macon filed a response to the motion to dismiss on December 16, 2019 (Dkt. No. 9). In the response Ms. Macon further alleges that the unknown third party recorded video of her engaging in sexual relations in her own home (*Id.* at 5). She claims this video was sent to Mr. Bayne and several other employees (*Id.*). Ms. Macon also claims that Mr. Bayne made one more inappropriate remark and touched her cheek after a short conversation (*Id.* at 4). Ms. Macon claims that the stress and anxiety from the alleged harassment resulted in her being placed in a behavioral health hospital from December 3, 2019, to December 9, 2019 (*Id.* at 5).

While the motion to dismiss has been pending before the Court, Ms. Macon has continued to file documents with the Court. Many of these documents relate to allegations against the third party who is not a named defendant in this lawsuit and who is not before the Court.[2]

## II.     Legal Standard

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering a 12(b)(6) motion, the district court accepts as true all factual allegations in the complaint and grants all reasonable inferences in favor of the nonmoving party. *Crooks v. Lynch*, 557 F.3d 846, 848 (8th Cir. 2009). "[T]he complaint must contain facts which state a claim as a matter of law and must not be conclusory." *Briehl v. General Motors Corp.*, 172 F.3d 623, 627 (8th Cir. 1999) (citing *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995)).

In Title VII cases, "the prima facie case is an evidentiary standard and not a pleading requirement," and "it is not appropriate to require a plaintiff to plead facts establishing a prima facie case." *Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002). However, "elements of the prima

---

[2] Since filing this action, Ms. Macon has continued to report to the Court serious allegations about conduct she attributes to the unnamed third party (Dkt. Nos. 10, 14, 15). In her pretrial disclosures, Ms. Macon asserts that she seeks "to call witnesses to testify so that the identity of the third party included in the lawsuit can be revealed" and clarifies that she seeks "a restraining order against the third party" and to file criminal charges against the third party (Dkt. No. 18, at 2). The third party is not a defendant before the Court. Ms. Macon has not sued the third party in this lawsuit, and the Court is not able to grant any relief as to allegations Ms. Macon makes against the unnamed third party.

facie case are [not] irrelevant to a plausibility determination in a discrimination suit." *Blomker v. Jewell*, 831 F.3d 1051, 1056 (8th Cir. 2016). "While a plaintiff need not set forth detailed factual allegations . . . the complaint must include sufficient factual allegations to provide the grounds on which the claim rests." *Id.*

### III.     Motion To Dismiss

Title VII prohibits an employer from subjecting its employees to a hostile work environment in the form of sexual harassment. *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 66 (1986). To establish a claim of hostile work environment by sexual harassment, the plaintiff must establish that:  (1) she belongs to a protected group; (2) she was subject to unwelcome sexual harassment; (3) the harassment was based on sex; and (4) the harassment affected a term, condition, or privilege of her employment. *Scusa v. Nestle U.S.A. Co.,* 181 F.3d 958, 965 (8th Cir. 1999). The harassment must be "severe or pervasive enough to create an objectively hostile or abusive work environment." *Blomker,* 831 F.3d at 1056 (*quoting Sandoval v. Am. Bldg. Maint. Indus., Inc.*, 578 F.3d 787, 801 (8th Cir. 2009)).

The standards for a hostile work environment are demanding and "conduct must be extreme and not merely rude or unpleasant to affect the terms and conditions of employment." *Alvarez v. Des Moines Bolt Supply, Inc.*, 626 F.3d 410, 420 (8th Cir. 2010) (quoting *Alagna v. Smithville R-II Sch. Dist.,* 324 F.3d 975, 980 (8th Cir. 2003)). Whether an environment is hostile must be judged "by the totality of the circumstances, including the frequency and severity of the discriminatory conduct, whether such conduct was physically threatening or humiliating, as opposed to a mere offensive utterance." *Vajdl v. Mesabi Academy of Kidspeace, Inc.*, 484 F.3d 546, 551 (8th Cir. 2007). The conduct must be more than "simple teasing, offhand comments and isolated incidents." *Blomker*, 831 F.3d at 1057. The demanding standards of harassment are used to "filter out

complaints attacking the ordinary tribulations of the workplace such as the use of abusive language, gender related jokes, and occasional teasing." *Id.* (quoting *Al-Zubaidy v. TEK Indus., Inc.*, 406 F.3d 1030, 1038 (8th Cir. 2005)).  In the case at hand, AWCC argues that Ms. Macon has not stated an actionable claim because the conduct described is not so severe or pervasive as to meet the high Title VII threshold (Dkt. No. 8, at 3).

The Court agrees that this high threshold has not been met.  Ms. Macon's claim stands or falls with the determination of whether the conduct she alleges, even if accepted as true at this stage of the litigation, was severe or pervasive enough to meet the high threshold for actionable harassment.  Considered as a whole, Mr. Bayne's alleged conduct and the conduct Ms. Macon attributes to AWCC, however inappropriate, was not sufficiently severe or pervasive to satisfy the high threshold for actionable harm.

AWCC relies heavily on *Blomker* to support its position.  In *Blomker,* the Eighth Circuit held that the high threshold for stating an actionable claim of sexual harassment was not met where the plaintiff alleged, among other things, that her coworker put his finger between two buttons near her breast and held conversations with the plaintiff while having an erection on multiple occasions. *Blomker,* 831 F.3d at 1057.  Here, Ms. Macon alleges that Mr. Bayne called her "baby" and "muffin," asked her, "Do you have anything to play with?" and stood near her desk singing, "I'm in the mood for love." (Dkt. No. 9, at 3).  While these comments might be rude or unnecessary, they are not "extreme . . . to affect the terms and conditions of employment," and do not surpass the frequency and type of harassment alleged and held insufficient to state a claim in *Blomker*.

Ms. Macon further alleges that Mr. Bayne touched her cheek with his hand after they had a short conversation (Dkt. No. 9, at 3).  This alleged physical touching is a concerning action, but Ms. Macon does not allege that she felt physically threatened by the touching.  It appears to have

5

been an isolated incident. A hand placed on the cheek of the plaintiff is not overtly threatening or physically violent enough to meet the high standard for actionable sexual harassment. None of the conduct Ms. Macon alleges, including the touching, alters the outcome in this case. *See Anderson v. Family Dollar Stores of Ark., Inc.*, 579 F.3d 858, 862 (8th Cir. 2009) (holding that there was not actionable sexual harassment where the plaintiff alleged, among other things, that defendant called her "baby doll" and referred to her as "one of my girls," along with alleging several incidents of rubbing plaintiffs' shoulders and back); *Alagna v. Smithville R-II School Dist.*, 324 F.3d 975, 980 (8th Cir. 2003) (finding insufficient allegations of two occasions of brief touching of arm and non-threatening, although irritating, conduct such as asking about marital problems, giving romance novels, and professing love for plaintiff).

Ms. Macon also alleges that her cell phone was "hacked" by a third party who can read her texts and conversations and who has been sending personal details to Mr. Bayne so that he can mimic her conversations around the office (Dkt. No. 9, at 4). Ms. Macon maintains that Mr. Bayne "joined efforts with a third party, someone who is not employed at [AWCC], whom has been stalking and harassing" Ms. Macon (*Id.*, at 6). She claims that the third party "instructed" Mr. Bayne and AWCC employees "to mimic her actions." (*Id.*). This alleged conduct is problematic, but there is no indication that it is "definitively sexual in nature." *Blomker,* 831 F.3d at 1058. Ms. Macon only refers to the conversations as "personal business." (Dkt. No. 9, at 5).

Ms. Macon's allegation that the third party performed surveillance on her house, filmed her engaging in a sex act, and sent it to Mr. Bayne and other AWCC employees is extremely serious (*Id.*, at 7). However, Ms. Macon alleges only that Mr. Bayne received the video (*Id.*). There is no allegation that Mr. Bayne requested that the video be taken, participated in the taking of the video, or sent it to any other employees himself. The alleged action was taken by an

unnamed and unknown third party, who is not a named defendant in this case, who Ms. Macon admits is not employed by AWCC, and therefore does not constitute sexual harassment by Mr. Bayne or AWCC.

Even if all of Ms. Macon's allegations are accepted by this Court as true for purposes of resolving AWCC's motion to dismiss, the actions Ms. Macon describes in her complaint and attributes to Mr. Bayne and AWCC do not overcome the high standards required to state an actionable claim for hostile work environment sexual harassment. Accordingly, the Court grants AWCC's motion to dismiss.

### IV. Conclusion

For the reasons stated above, the Court grants AWCC's motion to dismiss (Dkt. No. 6). The Court dismisses Ms. Macon's claims. Her request for relief as to AWCC is denied.

It is so ordered this 30th day of October, 2020.

*Kristine G. Baker*
Kristine G. Baker
United States District Judge